UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA PAUL,  Case No. 09-10611

       Plaintiff,  Marianne O. Battani
                                        United States District Judge
vs.

                                        Michael Hluchaniuk
LOWE'S HOME CENTERS, INC.,  United States Magistrate Judge

       Defendant.
_____/

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR PROTECTIVE ORDER**

    A.    Procedural History

On May 8, 2009, defendant filed a motion for protective order relating both to certain requests for admission served by plaintiff and governing the production of certain documents. (Dkt. 9). District Judge Marianne O. Battani referred this motion to the undersigned for hearing and determination. (Dkt. 10). On June 11, 2009, plaintiff filed a response to the motion for protective order. (Dkt. 14). Pursuant to order, the parties submitted a statement of resolved and unresolved issues. (Dkt. 17). In that statement, the parties agreed that plaintiff would withdraw the disputed requests for admissions, and likewise, defendant would withdraw its responses. (Dkt. 17). The remaining dispute between the parties

1

centered on the terms of the protective order governing the confidentiality of certain types of documents. (Dkt. 17). The Court held a telephonic hearing on June 18, 2009 and the Court granted defendant's motion for the reasons stated on the record. For the reasons stated on the record at the June 18, 2009 hearing, the Court **ORDERS** plaintiff to withdraw her requests for admissions dated April 15, 2009, and defendant to withdraw its responses to plaintiff's requests for admissions.

    B.    <u>Protective Order</u>

For the reasons stated on the record at the June 18, 2009 hearing, and given that defendant possesses proprietary policies and procedures, as well as personnel files of present and former employees, which include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court **ORDERS** that:

    1.    All documents produced or information disclosed and any other documents or records designated as "confidential" by defendants may be revealed only to plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in these actions. The information considered as "confidential" and disclosed only in accord with the terms of this paragraph include, without limitation, all of defendant's policies and procedures, as well as

personnel records, including disciplinary records, identity, or any other information or documentation supplied by defendants in response to plaintiff's interrogatories or requests for production.

2. Counsel for plaintiff may use all documents and information produced or disclosed by defendant solely for the purposes of preparation for and trial of this action. Under no circumstances will information or materials covered by this Order be disclosed to anyone other than plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in these actions. At the conclusion of the proceedings of these actions, all documents and information subject to this Order, including any copies, or extracts or summaries, or documents containing information therefrom, must be destroyed by the lawyer for the party holding the document designated as confidential. Furthermore, the lawyer for the party holding the document designated as confidential must certify that the designated documents are destroyed.

3. Before disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or plaintiff, counsel for plaintiff will require such employees to read this protective Order and agree to be bound by its terms.

4. If counsel for plaintiff determines that for purposes of this action, documents or information produced by defendants and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

    (a) Counsel for the plaintiff must have the expert read this Order and must explain its contents to such expert.

    (b) Counsel for the plaintiff must require such expert to sign a copy of this protective order, which states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph will be deemed to enlarge the right of defendants to conduct discovery of any of plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. Any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, must be filed in a sealed envelope appropriately marked as confidential and subject to protective order. The Clerk of

the Court is directed to maintain such documents under seal, to be made available only to the Court and to counsel in this proceeding.

6. This Order is subject to revocation and modification by Order of the Court on written stipulation of the parties, or on motion and reasonable notice, including opportunity for hearing and presentation of evidence.

7. Plaintiff may challenge the designation of confidentiality of any document by filing a motion with the Court. The Court may then decide whether a document is properly designated as confidential information.

**IT IS FURTHER ORDERED** that defendant must produce responsive documentation in its possession, custody, or control as authorized by Rule 26(c)(7).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: July 2, 2009                    s/Michael Hluchaniuk
                                                        Michael Hluchaniuk
                                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 2, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Brian E. Jorde and Jennifer G. Damico.

                                                        s/James P. Peltier
                                                        Courtroom Deputy Clerk
                                                       U.S. District Court
                                                       600 Church Street
                                                       Flint, MI 48502
                                                       (810) 341-7850
                                                       pete_peltier@mied.uscourts.gov