UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA PAUL,

       Plaintiff,

vs.

LOWE'S HOME CENTERS, INC.,

       Defendant.
_____/

Case No. 09-10611

Marianne O. Battani
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

### ORDER REGARDING PLAINTIFF'S
### MOTION TO COMPEL (Dkt. 22)

Plaintiff's motion to compel was filed on August 11, 2009. (Dkt. 22). At the time of the filing of the motion plaintiff sought compliance with the prior requests for the production of documents which had been previously ordered to be produced subject to a protective order that defendant had requested. Plaintiff's motion outlined the several requests that had been made of defendant for these documents to no avail. Defendant had made a partial response to the request for production of documents maintaining certain objections and providing a privilege log to support a claim of privilege with respect to some of the documents.

Defendant filed its response to the motion to compel on September 9, 2009. (Dkt. 25). In its response, defendant asserted that it had filed supplemental responses to its earlier production of documents on August 12, 2009, and therefore the motion to compel was moot. Defendant maintained its position that certain documents were privileged.

A hearing, via conference call, on the motion to compel was held on October 6, 2009. At the hearing plaintiff (1) expressed concern that defendant had not fully produced all relevant documents that had been requested, (2) objected to defendant's limited response to certain requests for production in that defendant had only responded with respect to the individual store where the incident had taken place, (3) objected to defendant's claim of privilege regarding some of the documents and (4) requested sanctions be imposed on defendant for its failure to respond to the discovery requests in a more timely fashion. The scheduling of certain depositions was raised at the hearing in that the depositions, to some extent, were dependent on the production of additional documents plaintiff had requested from defendant.

With respect to plaintiff's concern about the completeness of defendant's response to the request for production, defendant's counsel confirmed at the hearing that all responses, with the exception of those identified as being limited to

the single store, were complete. Clearly the rules provide that by signing the response to a request for the production of documents an attorney "certifies" that the response "is complete and correct as of the time it is made" based on the attorney's information following a "reasonable inquiry." Fed.R.Civ.P. 26(g)(1)(A).

With respect to those responses limited to a single store, defendant had objected to producing responses based on all the defendant's stores throughout the country due to the burden of doing so given the fact that there were a very large number of stores. After consideration of the arguments of counsel defendant was ordered to produce responses for all the stores within the "region" of the store where the incident took place, or the State of Michigan, whichever is the larger area. Defendant believed that these supplemental responses could be produced before the depositions that had been scheduled for October 13, 2009, but if they were not, the supplemental responses were to be produced so that the depositions could be rescheduled in order that they would be completed prior to the end of October, 2009.

With respect to the claims of privilege, defendant was directed to supplement its privilege log to include additional information such as the names of

the individuals initiating the communication and the names of the intended recipients of the communication. The questioned documents were to be produced for an in camera inspection on or before October 13, 2009, and the parties were to file supplemental briefs addressing the privilege issues regarding the documents. The supplemental briefs were to be filed by October 20, 2009, with any reply briefs being filed by October 27, 2009. Defendant filed its supplemental brief on October 20, 2009, (Dkt. 28) and plaintiff filed her supplemental brief on October 21, 2009. (Dkt. 29). Neither party filed a reply brief.

With respect to plaintiff's request for sanctions, while defendant's conduct in not responding to the discovery requests in a more timely fashion was far from exemplary it was not sufficiently egregious to warrant an award of sanctions and plaintiff's request is denied.

Following the hearing on October 6, 2009, defendant narrowed the scope of its claim of privilege. Prior to the hearing defendant had identified 11 pages of documents, Bates numbered 41-51, as being privileged. Two of those documents (# 41-42) were described as a "summary of reserve" and, with the actual reserve amount redacted, were turned over to plaintiff. As to communications contained in other documents (part of # 47 and 48-51), defendant stated were made prior to any contact with an attorney for plaintiff and defendant provided those to plaintiff.

The remaining communications contained in documents # 43-part of # 47 were provided for an in camera inspection and consist of a series entries in a log-type format, described by defendant as "claims notes," running from May 23, 2008, to February 19, 2009.  The entries are arranged in reverse chronological order with the earlier entries on document # 47 and the latest entries on document # 43.  Defendant's claim of privilege regarding these communications is based on the "work product" privilege which is codified in Fed.R.Civ.P. 26(b)(3).   The common law work product doctrine was intended to "permit an attorney to 'assemble information, sift what [he or she] considers to be the relevant facts, prepare [his or her] legal theories and plan [his or her] strategy without undue and needless interference ... to promote justice and to protect [his or her] clients' interests.'" *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006), quoting, *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  The current scope of this doctrine, at least in civil cases, appears to go beyond the work of an attorney and "as set forth in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative." *Roxworthy*, 457 F.3d at 593.  As reflected in the rule, the potential "representatives" of a party include an "attorney, consultant, surety, indemnitor, insurer, or agent."

5

Rule 26(b)(3) appears to describe two classes of documents that are generally included in its scope. One such class is any "document ... that [is] prepared in anticipation of litigation or for trial by or for another party or its representative..." The second class, a subset of the first, is any document that contains "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Rule 26(b)(3)(B). This subset of documents seems consistent with the scope of the work product doctrine established by *Hickman* in that it is limited to statements or conclusions of a "party's attorney or other representative concerning the litigation, whereas the broader class goes beyond that to include other documents, such as documents prepared by the party or the party's representative that contain facts, as opposed to opinions or theories, as long as it was done in anticipation of litigation. In ruling on the matters presently in controversy, the undersigned has adopted a definition of the broader class of documents that would require some inclusion of facts or opinions that would involve the substance of the litigation in order for them to included within the scope of the doctrine, as limited by Rule 26(b)(3). That is,

6

excluded from the scope of the rule, and thus subject to disclosure, are any statements in the documents that relate only to dates, names of individuals, or other non-substantive matters.

Date: November 2, 2009                                    s/Michael Hluchaniuk
                                                          Michael Hluchaniuk
                                                          United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on November 2, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Brian E. Jorde and Jennifer G. Damico.

                                                          s/James P. Peltier
                                                          Courtroom Deputy Clerk
                                                          U.S. District Court
                                                          600 Church Street
                                                          Flint, MI 48502
                                                          (810) 341-7850
                                                          pete_peltier@mied.uscourts.gov